## FELLOWS, Libt., *vs.* FELLOWS.

In case of a libel for divorce, the libellant must reside within this state to give the court jurisdiction ; and the libel must be filed and made returnable within the county where the libellant resides, except where the libel, having been filed in such county, a notice has been ordered, returnable in some other county, or where the court has permitted the libel to be filed in some other county, and has ordered a notice returnable in the county of the residence.

Where extreme cruelty is alleged as the cause of divorce, there should be a specification of the acts of cruelty complained of ; and when such acts have not recently transpired, the evidence furnished should show some cause for the delay in making the application.

Where the allegation is that the husband has been absent for three years, without making suitable provision for the maintenance of the wife, there must be evidence sufficient to satisfy the court of his continued ability, during that time, to maintain her, in order to sustain a divorce for this cause. Mere physical strength and capacity to labor is not, ordinarily, evidence of such ability.

Where the ground for divorce is that the husband has been absent more than three years without being heard of, evidence from his friends and relations should be produced, or a reason assigned why it has not been procured; and the testimony should conform to the words of the statute, that he has not been heard *of*, and not merely that he has not been heard *from*.

LIBEL for a divorce, alleging extreme cruelty; also, that the libellee had voluntarily abandoned the libellant, and absented himself from her for the space of three years together, without making a suitable provision for the libellant's support and maintenance, it being all the time in the libellee's power so to do; and that the libellee had also absented himself for the term of three years without being heard of.

The libellant is described in the libel as "late of Dorchester, in the county of Grafton, and wife of Samuel Fellows, formerly of said Dorchester," and the marriage is alleged to have been at Lyme, in said county of Grafton.

*Wilcox*, for libellant.

*By the court.* UPHAM, J. There are a number of objections to sustaining the present libel.

1. It does not appear that the libellant has at this time a residence within the state. She is described in the libel as *late* of Dorchester, in this state; and it appears from one of the affidavits furnished that she has been for two or three years last past at work in Lowell, Massachusetts. Her residence within the state should appear.

2. If her residence is within the state, it is at Lyme, or Dorchester, in the county of Grafton; and it is not the practice of this court to entertain libels for divorce, unless filed and returnable within the county where the libellant resides—except in cases where, the libel being filed in such

county, the court have ordered a notice returnable in some other county, or in case where the court have permitted the libel to be filed in another county, and ordered a notice returnable in the county of the residence.

3. One of the causes for divorce alleged is extreme cruelty ; but there is no specification of the same in the libel, which is essential ; besides, the extreme cruelty complained of was eight years prior to the application for the divorce, and no reason is assigned why an earlier application was not made, which should have been given.

4. Another allegation is that the husband has been absent three years without making suitable provision for the maintenance of the wife ; but there is no evidence of sufficient ability of the husband, except at the time of his leaving. Evidence should be furnished, sufficient to satisfy the court of the continued ability of the husband to maintain the wife during the three years. Mere physical strength, and capacity to labor, is not, ordinarily, evidence of such ability.

5. Another allegation is that the husband had been absent more than three years without being heard of ; but no evidence is produced from the friends of the husband, or reason assigned why such evidence was not procured, which is uniformly required. Such evidence should conform to the words of the statute—that the husband has not been *" heard of,"* N. H. Laws 57,—and should not be merely that he has not been heard *from*,—which latter expression, according to the understanding of most witnesses, refers to some direct personal communication by letter or otherwise, and does not, necessarily, negative the fact that the husband may have been heard *of*, and thus bring the testimony fully within the words of the statute.

The libel is defective in the particulars specified ; and they are enumerated, as many applications are open to similar exceptions, and it is important that the rules of the court in this respect should be known. The testimony offered is also deficient in the points adverted to.

*Libel dismissed.*